**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DOUGLAS LEIGH FAUCONIER :

Petitioner :

v : Civil Action No. RDB-06-1677

WILLIAM SONDERVAN, *et al.* :

Respondents :

o0o

**MEMORANDUM OPINION**

The above-captioned Petition for Writ of Habeas Corpus was filed May 30, 2006.[1] Pursuant to this Court's Order to Show Cause, Respondents have filed an Answer addressing only the timeliness of the Petition. They assert that the Petition has been filed outside the applicable time limitation and should be dismissed. Paper No. 3. Petitioner disagrees, contending that the time during which his Motion for Reduction of Sentence was pending tolled the running of the statute of limitations. Paper No. 8. After due consideration of the pleadings and exhibits, the Court sees no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(d) & (e)(2). For the reasons that follow, the Petition will be denied and dismissed as time-barred.

**Procedural History**

Petitioner seeks to challenge his August 25, 1997, guilty plea in the Circuit Court for Prince George's County to one count of robbery and one count of third degree sexual offense. On October 27, 1997, he was sentenced to ten years incarceration for robbery and a consecutive fifteen year

[1] The Petition, dated May 30, 2006, was received by the Clerk on June 29, 2006. For the purposes of assessing timeliness under 28 U.S.C. 2255, the Court will deem the motion delivered to prison authorities on the signature date. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

sentence for the sexual offense. Paper No. 3, Exhibit 1. Petitioner did not seek leave to appeal the convictions. *Id*. Thus, his convictions became final on November 24, 1997, when the thirty-day period for seeking leave to appeal expired. *See* Md. Rule 8-204(a); *see also Wade v. Robinson*, 327 F,3d 328, 330-33 (4th Cir. 2003).

After counsel failed to act on his request to file for sentence modification, Petitioner on May 22, 1998, filed a Motion for Modification or Reduction of Sentence in the Circuit Court. Paper No. 3, Exhibit 1. It is unclear from the docket entries whether the Motion was denied the same day or remained pending. *Id*. Petitioner contends the Circuit Court denied the Motion that same day, but that he was not notified of the decision because he was being tried in a Virginia court. Paper No. 8 at 2.

On March 26, 2001, Petitioner initiated post-conviction proceedings in the Circuit Court for Prince George's County. Paper No. 1 at 4 and Paper No. 3, Exhibit 1. Following a hearing, Petitioner on August 11, 2003, was granted the right to file a belated motion for modification of sentence.[2] Other claims raised in the post-conviction petition remained pending until they were denied in an opinion filed on November 16, 2004. Paper No. 3, Exhibits 1 and 2. Petitioner's application for leave to appeal the post-conviction court's ruling was summarily denied by the Court of Special Appeals of Maryland on August 10, 2005. The mandate issued on September 13, 2005. *Id*., Exhibit 3. In this first federal petition for habeas corpus relief, Petitioner seeks to reverse his conviction on grounds of ineffective assistance of counsel and trial court error. Paper No. 1.

**Legal Analysis**

[2] On April 30, 2004, Petitioner's Motion for Modification of Sentence was granted and the five-year sentence for third degree sexual offense, originally ordered to run consecutive to the ten-year sentence for robbery, was modified to run concurrent to the robbery sentence. Paper No. 3, Exhibits 1 and 2.

In an effort to curb lengthy delays in filing federal habeas corpus petitions, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, substantively modifying the scope and context of federal habeas corpus review of challenges to state court convictions. Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for persons convicted in a state court. *See* 28 U.S.C. §2244(d);[3] *see also Harris v. Hutchinson*, 209 F.3d 324, 328 (4th Cir. 2000).

Petitioner's state court proceedings became final on November 24, 1997. For the purposes of the one-year limitations period, a conviction becomes final when the defendant's opportunity to appeal the district court's judgment expires. *See Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Sanders*, 247 F. 3d 139, 142 (4th Cir. 2001) (holding a conviction becomes final on

---

[3] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

the date judgment was entered where Petitioner does not pursue a direct appeal). The filing of a motion to reduce or modify sentence does not alter the date on which the conviction became final for the purposes of the one-year limitations period. *See Sanders*, 247 F. 3d at 143. Thus, Petitioner's

Motion for Modification of Sentence, filed on May 22, 1998 and denied that same day, does not toll the limitations period. Petitioner did not initiate state post-conviction relief until March 26, 2001, by which time the one-year limitations period already had expired.

Petitioner argues that trial counsel should have promptly filed the Motion for Modification of Sentence as requested. This argument is unavailable, however, because such action on the part of counsel would not have served to toll the limitations period under *Sanders*. The Petition is time-barred. It shall be dismissed by way of a separately filed Order.

/s/

November 9, 2006

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE